# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT JACKSON
### March 2, 2010 Session

## STATE OF TENNESSEE v. JAMES ALVIN CASTLEMAN

### Circuit Court for Carroll County
### No. 01CR16728

---

### No. W2009-01661-CCA-R3-CD  - Filed May 27, 2010

---

JOHN EVERETT WILLIAMS, J., dissenting.

The majority opinion correctly sets out the posture of this case, and I will not restate it. However, I write to dissent from the majority's opinion because I feel that the facts of this case clearly establish that an illegal judgment of conviction was entered against the defendant and, as such, should not now stand to allow him to be convicted of the very crime that the Tennessee trial court failed to warn him of. In this case, the blatant fundamental unfairness is obvious and, in my opinion, clearly rises to the level of a due process violation.

I believe that the facts here are analogous to the situation which arose in the early 1980s when Tennessee adopted its stronger DUI laws imposing greater penalties based upon prior convictions. For years prior to the enactment of our current statutes, defendants were often not represented by counsel and would merely plead guilty to DUI, pay a fine and court costs, and serve no jail time. With the imposition of the tougher DUI laws, the question became whether those prior DUI convictions could be used to enhance punishment for later DUI convictions, when the defendants had been uncounseled and were not warned that the convictions could later be so used. In *State v. McClintock*, our supreme court addressed the issue and embraced the notion that prior uncounseled and unwarned DUIs could not be used to enhance the punishment of a defendant subsequently convicted of DUI. Additionally, the court stated that "we need not restate the clear constitutional requirements surrounding criminal proceedings; however, any court accepting a plea of guilty must make it clear to the defendant that the resulting judgment of conviction may be used in a subsequent proceeding to enhance the punishment for subsequent offenses." *State v. McClintock*, 732 S.W.2d 268, 273 (Tenn. 1987). Thus, our case law establishes that the defendant in this case had a constitutional right to be warned of any possible subsequent punishment prior to the acceptance of his plea.

Moreover, as noted in the majority's opinion, our domestic violence statute specifically states:

> Before the court accepts the guilty plea of a defendant charged with a domestic violence offense, it shall inform the defendant that it is a federal offense for a person convicted of a domestic violence offense to possess or purchase a firearm and that from the moment of conviction for a domestic violence offense the defendant will never again be able to lawfully possess or buy a firearm of any kind. . . .

T.C.A. § 40-14-109(b). Thus, even absent the constitutional mandate, this defendant was statutorily entitled to be informed of the consequences of possessing firearms following his plea. In this case, the State has failed to establish that this was done.

With regard to the petition for error coram nobis, the majority notes that a "guilty plea can be set aside after the judgment is final 'if the plea was not entered voluntarily, intelligently, and knowingly, or was obtained through the abridgment of any right guaranteed by the United States or Tennessee Constitutions.'" The trial court in this case found that the defendant did, in fact, establish this, and I agree. I further disagree with the majority and conclude that, based on the facts of this case, the defendant established a sufficient due process violation which would merit tolling the statute of limitations. The language in *Burford* cited by the majority that "the statute of limitations under the circumstances of a particular case 'may not afford [the defendant] a reasonable opportunity to have the claimed issue heard and decided,'" seems particularly applicable to the facts of this case. The claim made by the defendant, that his plea was not entered knowingly based upon his lack of knowledge, did not arise until his subsequent prosecution for the federal crime. The defendant took appropriate timely steps once he became aware of the error committed by the trial court, that being the acceptance of the plea without giving the appropriate warning. In my opinion, based upon the facts of this case, the petitioner's interest in being able to enter a knowing plea does outweigh the State's interest in finality of judgments and judicial economy. That the petitioner only received a suspended sentence and that his claim of "newly discovered evidence" has no bearing on his actual guilt with regard to the domestic assault charge is irrelevant. The question before us is whether the petitioner entered a knowing and intelligent plea and whether he has been given a reasonable opportunity to litigate the issue.

As an aside, I would also note that the defendant's post-conviction petition was not time-barred by the statute of limitations. Though not addressed by the majority based upon the trial court's ruling, I conclude that the statute of limitations should have also been tolled with regard to the post-conviction petition. Based upon the above, I would have concluded

under *Burford* that the due process violation established should have afforded the petitioner relief from the statute of limitations, as he had no prior reasonable opportunity to bring the claim. I am unable to review the merits of the post-conviction petition, however, as it was not addressed by the trial court.

With regard to habeas corpus, aside from the determination regarding compliance with the procedural requirements, I believe that the defendant also established the requirements for relief. A defendant is only entitled to relief "when it appears upon the face of the judgment or the record of the proceedings upon which the judgment is rendered that a court lacked jurisdiction or authority to sentence a defendant or that the sentence has expired." *Terrance Lavar Davis v. State*, No. M2009-00011-SC-R11-HC (Tenn. May 7, 2010) (citing *Stephenson v. Carlton*, 28 S.W.3d 910, 911 (Tenn. 2000)). Additionally, an illegal sentence qualifies as void and may be set aside through habeas corpus at any time. *Summers v. State*, 212 S.W.3d 251, 256 (Tenn. 2007). In my opinion, the defendant has established these requirements based upon the record entered in the domestic assault case. The sentence is clearly illegal, as it was imposed in direct contravention of the domestic assault statute which required that the admonitions be given. I would conclude that the trial court lacked authority to impose the sentence in direct contravention of the statute.

Based upon the foregoing, I would affirm the decision of the trial court in granting relief to the defendant.

_____
JOHN EVERETT WILLIAMS, JUDGE